**Application of Robert E. POLSON.**

**Patent Appeal No. 7542.**

United States Court of Customs and Patent Appeals.

Nov. 17, 1966.

Neal A. Waldrop, Detroit, Mich., Theodore Post, Midland, Mich., for appellant.

Joseph Schimmel, Washington, D. C. (George C. Roeming, Washington, D. C., of counsel) for the Commissioner of Patents.

Before RICH, Acting Chief Judge, MARTIN, SMITH and ALMOND, Judges, and Judge WILLIAM H. KIRKPATRICK.*

KIRKPATRICK, Judge.

This is an appeal from the decision of the Patent Office Board of Appeals affirming the examiner's Section 103 rejection of claims 1 to 10, being all the claims in Application Serial No. 824,962, filed July 6, 1959.

The invention concerns a rigid, foamed plastic board used in the construction industry chiefly for insulation around the perimeters of slab floor construction. Claim 1 is representative and is as follows:

A closed-cell, rigid, foamed, organic plastic board having a thickness between ½ inch and 3½ inches which has pre-cut lines parallel to its longest dimension in corresponding portions

---

* United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Chief

Judge WORLEY, pursuant to provisions of Section 294(d), Title 28, United States Code.

of its opposing faces, which lines are pre-cut to depths sufficient to permit manual snapping therealong but having sufficient uncut material therebetween for the board to withstand premature breakage in normal handling.

The other claims either specify the type of plastic to be used or the spacing or direction in which the grooves are cut.

The plastic board described in the claims is admittedly of old, well known material, the substance of the invention being the grooves cut into its face from each side so that it may be readily broken along a selected pair of pre-cut grooves and yet be strong enough to withstand normal handling. The examiner rejected all of the claims and the board affirmed his rejections, relying on the following prior art:

Elmendorf, 2,018,712, discloses a wooden board with parallel grooves cut part way into it, leaving a thin layer of wood uncut. The board is then pulled apart or expanded slightly so that the wood between the strips is stretched into web form.

Dildilian, 2,480,004, discloses a pile carpet backed with sponge rubber, having cuts parallel to its edges, through the carpet and part way through the backing so that the strips of carpet can be conveniently torn apart for reassembling.

Tilden, 2,704,267, discloses an arcuate strip of brake lining material, which, of course, is quite dense, scored by transverse grooves so that it may be segmented at the proper places.

The secondary references merely show various kinds of foamed plastic material.

■ None of the primary references disclose plastic boards scored in parallel lines and only Elmendorf is in a closely analogous art, but all embody the concept of sheets of material cut part way through in predetermined parallel grooves so that the segments can be readily separated by cutting or pulling apart, leaving, however, enough of the material joining the segments to keep the sheet from coming apart in normal handling. This concept appears not only in the disclosures of the references but, as the board noted, in an almost limitless variety of materials which can be broken along lines which are cut into, but not through, the material either just prior to use or manufactured into it and which resist normal handling.[1] The appellant's brief says that the appellant has no quarrel with the board's statement in this regard. Thus, for example, window glass, soap bars, asphalt tile and sheetrock wallboard are examples of products which are commonly broken along lines scored into the material. Such food items as chocolate candy bars and crackers of various types are also conventionally grooved so that they can be readily segmented.

Against this array of prior and contemporaneous art, the applicant supports his claim to unobviousness by a record of substantial commercial success (limited, however, to the production of one chemical company of foamed plastic insulation board for sale to the perimeter insulation market) and the fact that, although foamed plastic board has been manufactured on a commercial scale since 1941, such boards scored for easy fracture were not made or sold until nearly 17 years thereafter.

■ While both of these matters are relevant evidence of unobviousness, considering all of the evidence, we cannot support a finding of patentability on this record which shows beyond dispute that the subject matter as a whole was obvious.

■ Commercial success may furnish evidence to support a finding of patentability, but the evidence offered upon the point in this case is rather meager. It does not exclude a number of factors, other than the merit of the invention, to

[1]. "Judicial notice will be taken of facts of common knowledge relating to common articles, devices, utilities, and operations." 31A C.J.S. Evidence § 81.

which a degree of commercial success can well be attributed. In addition to the unascertainable effect of marketing practices, including advertising, it may be in this case that the increase in the cost of labor in the course of 17 years made the time saving element of the invention of greater importance, and it also appears that at least one competitor, and perhaps the applicant's assignee, has sold the scored board at the same price as the unscored kind, in which case, of course, purchasers would take advantage of a convenience that costs nothing.

 The fact that recognition of the invention by the industry was long delayed is of very little weight unless it appears that there was an old and recognized need which the invention satisfied and which others tried without success to supply. In the present case the record shows no such situation.

The decision of the board is affirmed.

Affirmed.

MARTIN, J., participated in the hearing of this case but died before a decision was reached.